MEMORANDUM ***
Francis appeals the district court’s dismissal of her federal claims asserted in her fourth amended complaint alleging that the Defendants violated 42 U.S.C. § 1983 when they failed to credit money toward inmates’ restitution and to reimburse inmates for employment costs. Francis filed her action in state court, and Defendants removed to federal court. After dismissal of the federal claims, the district court remanded the state claims. Those claims are proceeding in state court as a certified class action. Francis v. Cal., 2008 WL 1874426 (Cal.App. 2 Dist. Apr. 29, 2008).
We review the district court’s 12(b)/(c) dismissal de novo and denial of leave to amend for an abuse of discretion. Rose v. Chase Bank USA, N.A., 513 F.3d 1032, 1036 (9th Cir.2008); Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir.2008); Orkin v. Taylor, 487 F.3d 734, 738 (9th Cir.), cert. denied, — U.S.-, 128 S.Ct. 491, 169 L.Ed.2d 340 (2007).
The district court did not err in dismissing the Fifth Amendment takings and Eighth Amendment excessive fines claims. The fourth amended complaint asserted those claims only against the state and state agency Defendants. States, state agencies, and state officers acting in them official capacities are not “persons” and cannot be sued for damages under 42 U.S.C. § 1983. Arizonans for Official English v. Ariz., 520 U.S. 43, 69 n. 24, 117 *429 S.Ct. 1055, 137 L.Ed.2d 170 (1997); Will v. Mich. Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
The district court did not err in dismissing the due process claim. The facts alleged in the fourth amended complaint allege only negligence. A negligent act of an official that causes loss of life, liberty, or property does not state a due process violation. County of Sacramento v. Lewis, 523 U.S. 833, 848-50, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).
Finally, the district court did not abuse its discretion by denying leave to file a fifth amended complaint, particularly in light of Francis’s failure to assert additional facts that she could allege to state her claims. In re Vantive Corp. Sec. Litig., 283 F.3d 1079,1097-98 (9th Cir.2002).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.